UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL                          'O'

| Case No. | Master File: 2:15-cv-04611-CAS(JEMx); c/w: 2:15-cv-04613-CAS(JEMx) | Date | September 21, 2016 |
|---|---|---|---|
| Title | YOUNG RAE CHO v. CAFFEBENE, INC.; c/w: DAVID K. LEE v. CAFFEBENE, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) - DEFENDANT'S MOTION TO PRECLUDE EVIDENCE OR ARGUMENT IN SUPPORT OF DAMAGES

## I.   INTRODUCTION

On October 2, 2014, plaintiff Yung Rae Cho filed an action ("Cho Action") in Los Angeles County Superior Court against defendant Caffebene, Inc. and Does 1–10, inclusive. Dkt. 1, Ex. A ("Compl."). Cho asserts six claims for relief against defendant: (1) failure to pay overtime wages; (2) failure to pay timely unpaid wages upon plaintiff's termination in violation of California Labor Code § 203; (3) failure to provide plaintiff with itemized statements of plaintiff's hours, overtime hours, and wages in violation of California Labor Code § 226.7; (4) failure to provide meal and rest breaks in violation of California Labor Code § 226.7; (5) wrongful termination; and (6) unfair business practices pursuant to California Business & Profession Code § 17200. Id. On June 15, 2015, defendant removed the Cho Action to federal court on the basis of diversity jurisdiction. Dkt. 1.

Also on October 2, 2014, David K. Lee filed an action in Los Angeles County Superior Court against defendant Caffebene, Inc. and Does 1–10, inclusive. Case No. 2:15-cv-04613-CAS-JEM, Dkt. 1, Ex. A ("Lee Action"). Lee raised substantially similar allegations against defendant. Id. On June 15, 2015, defendant removed the Lee Action to federal court on the basis of diversity jurisdiction. Case No. 2:15-cv-04613-CAS-JEM, Dkt. 1.

On February 2, 2016, the Court consolidated the Cho and Lee Actions. Dkt. 27.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES - GENERAL** | | **'O'** |
| Case No. | Master File: 2:15-cv-04611-CAS(JEMx); c/w: 2:15-cv-04613-CAS(JEMx) | Date | September 21, 2016 |
| Title | YOUNG RAE CHO v. CAFFEBENE, INC.; c/w: DAVID K. LEE v. CAFFEBENE, INC. | | |

On August 30, 2016, defendant filed a motion in limine for an order to prevent plaintiffs from offering at trial any evidence or argument that plaintiffs are entitled to damages. Dkt. 39 (MIL). Defendant contends that plaintiffs failed to provide "initial disclosures"—specifically a computation of damages—in violation of Federal of Civil Procedure 26(a). Id. & Ex. 1 ("Nadler Decl."). As a result, defendant argues that plaintiffs should be precluded from offering evidence or argument at trial that plaintiffs are entitled to money damages. MIL. Plaintiffs filed their opposition to defendant's motion in limine on September 12, 2016. Dkt. 51.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

### III. LEGAL STANDARDS

A motion in limine is "a procedural device to obtain an early and preliminary ruling on the admissibility of evidence." Goodman v. Las Vegas Metro. Police Dep't, 963 F. Supp. 2d 1036, 1046 (D. Nev. 2013). Trial courts have broad discretion when ruling on such motions. See Jenkins v. Chrysler Motor Corp., 316 F.3d 664, 664 (7th Cir.2 002). Moreover, such rulings are provisional and "not binding on the trial judge" on the court. Ohler v. United States, 529 U.S. 753, 758 n. 3 (2000). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." Ind. Ins. Co. v. Gen. Elec. Co., 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

Federal Rule of Civil Procedure 26(a)(1) sets forth the disclosures which a party must provide without awaiting a discovery request unless exempted, stipulated or ordered by the court. See Fed. R. Civ. P. 26(a)(1). The initial disclosures must be made within fourteen days of the parties' Rule 26(f)4 conference absent stipulation, court order or objection by a party. Id.; see also R & R Sails, Inc. v. Ins. Co. of Pennsylvania, 673 F.3d 1240, 1246 (9th Cir. 2012) ("A major purpose of the initial disclosure requirements is to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information.") (quotations and citation omitted). Where

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         'O'

| Case No. | Master File: 2:15-cv-04611-CAS(JEMx); c/w: 2:15-cv-04613-CAS(JEMx) | Date | September 21, 2016 |
|---|---|---|---|
| Title | YOUNG RAE CHO v. CAFFEBENE, INC.; c/w: DAVID K. LEE v. CAFFEBENE, INC. | | |

a party "fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A).

Under Federal Rule of Civil Procedure 37, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." Lanard Toys Ltd. v. Novelty, Inc., 375 F. App'x 705, 713 (9th Cir. 2010) (citing David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003)). The Ninth Circuit "give[s] particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001).

## IV.   DISCUSSION

Defendant alleges that plaintiffs never disclosed a computation of the damages that they seek. MIL. Specifically, defendant avers that "Plaintiffs never disclosed – through initial disclosures, supplemental disclosures, expert disclosures, or otherwise – 'a computation of each category of damages claimed by' Plaintiffs, as required under Rule 26(a)(1)(A)(iii)." Nadler Decl. ¶ 6. Defendant also alleges that plaintiffs did not respond or object to defendant's first request for the production of documents, served on May 16, 2016. Id. ¶ 7–8. As a result, defendant seeks to exclude evidence and argument that plaintiffs are entitled to damages Pursuant to Federal Rule of Civil Procedure 37.

Plaintiffs contend that they responded to defendant's discovery requests while the matter was still pending in state court, and that their responses included a computation of damages. Opp'n 11–12. For example, defendant served Cho and Lee with form interrogatories on May 1, 2015. See Opp'n, Exs. 9, 17. In response to defendant's question asking Cho to state his total income lost to date as a result of the "incident," Opp'n, Ex 9 at 4, Cho stated that he had lost $3,500 monthly since July 25, 2014 (the date of the termination of his employment) based on his monthly salary before termination.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | Master File: 2:15-cv-04611-CAS(JEMx); c/w: 2:15-cv-04613-CAS(JEMx) | Date | September 21, 2016 |
|---|---|---|---|
| Title | YOUNG RAE CHO v. CAFFEBENE, INC.; c/w: DAVID K. LEE v. CAFFEBENE, INC. | | |

Opp'n, Ex. 10 at 9. In response to defendant's question asking Cho whether he will lose income in the future, and if so, to estimate the amount, Opp'n, Ex 9 at 4, Cho answered that he expected to lose $3,500 per month in the future because he has been unable to find suitable employment after his termination. Opp'n, Ex. 10 at 9–10. In response to the same questions from defendant, Lee estimated that he has lost $3,570 per month since July 25, 2014 based on his monthly salary before termination and Lee stated that he expected to lose $3,750 per month in the future. Opp'n, Ex. 18 at 9–10. Plaintiffs therefore argue that they have already disclosed the extent of their damages based on unpaid wages and wrongful termination and how the damages were calculated. Opp'n at 20. In addition, plaintiffs responded to defendant's requests for production of documents while the matter was pending in state court, see Opp'n, Exs. 16, 24, and provided defendants with more than 500 pages of documents, Opp'n at 17, 20. Plaintiffs argue that their failure to comply with Rule 26(a) is "substantially justified" and "harmless" because "no additional document or evidence has been identified since the initial disclosure prior to removal." Id. at 20.

     The Court agrees with plaintiffs. Contrary to defendant's allegations, plaintiffs have disclosed a computation of the damages they seek and they have responded to defendant's prior requests for production. That plaintiffs did so while the matter was pending in state court does not prejudice defendant, is unlikely to disrupt the trial, and does not evidence bad faith on the part of plaintiffs. See Lanard Toys, 375 F. App'x at 713. The Court finds that defendant fails to present a persuasive reason to preclude plaintiffs from presenting evidence or argument in support of damages at trial.

### V.   CONCLUSION

     In accordance with the foregoing, the Court **DENIES** defendant's motion in limine to preclude plaintiffs from presenting evidence or argument in support of damages.

     IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |